**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| PAUL CONEY, JR., :<br>　　　Petitioner : <br> : <br>v. : <br> : <br>UNITED STATES OF AMERICA, : <br>　　　Respondent : <br> : | 1:04-CV-186 (WLS)<br><br>1:03-CR-010 (WLS) |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth (Doc. 23), filed on January 20, 2005. It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct his sentence filed pursuant to 28 U.S.C. § 2255 be denied. (*See* Doc. 21). Petitioner, having been granted an extension of time to file his objection to the instant recommendation (Doc. 24), filed said objection on February 22, 2005. (Doc. 26).

In his recommendation, Judge Faircloth found that Petitioner incorrectly relies upon Blakely v. Washington, 548 U.S. 961 (2004), in support of his claims that: 1) his sentence was based upon judicially found facts in violation of Blakely; 2) he did not knowingly and intelligently enter into the stipulation of facts contained in Paragraph (7) of the Plea Agreement as the result of what he terms "ineffective assistance of counsel," claiming that counsel incorrectly advised Petitioner that the maximum penalty within the meaning of Apprendi v. New Jersey, 530 U.S. 466 (2000), was the statutory maximum and not the applicable guideline range; 3) his sentence of 188 months violated Petitioner's right to due process in that the Indictment failed to charge more than 5 grams in violation of the 14th Amendment to the U.S. Constitution; and 4) counsel failed to file a notice of appeal. (Doc. 23).

The Magistrate Judge found that Petitioner's sentence became final on December 26, 2003, at which time his time for direct appeal expired. Judge Faircloth also found that the applicable law at the time of Petitioner's sentence was Apprendi; and as a matter of law Blakely may not be applied retroactively to cases under collateral review, such as Petitioner's. *See* United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005); *In re* Dean, 375 F.3d 1287 (11th

Cir. 2004).  Additionally, Judge Faircloth found that Petitioner's counsel's advice was a correct statement of the law at the time of Petitioner's guilty plea and sentence; thereby negating Petitioner's claims of ineffective assistance of counsel, including, but not limited to, his claim that he unknowingly and unintelligently entered into a plea agreement based on counsel's advice.  The Magistrate Judge found that Petitioner's sentence of 188 months was completely within the statutory range of 5 to 40 years provided by 21 U.S.C. § 841(b)(1)(B)(iii) as pled in the indictment and as stipulated in Petitioner's plea agreement.  Finally, Judge Faircloth found that Petitioner's counsel had filed a notice of appeal.  *Id*.

Petitioner objects to the instant Report and Recommendation, asserting that the question of the retroactivity of Blakely and Booker have yet to be conclusively decided for cases under collateral review, such as Petitioner's.  The Court disagrees.  The Booker court plainly states:

> [W]e must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to <u>all cases on direct review</u>. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)  ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, <u>with no exception for cases in which the new rule constitutes a 'clear break' with the past</u>"). Booker, 125 S. Ct. at 769. (emphasis added).

The Supreme Court clearly applies the Booker rule only to those cases that were on direct review at the time Booker was decided, while specifically making no exception for those cases, like Petitioner's, which were already final and are on collateral review.  Petitioner's objections to the Recommendation are therefore **OVERRULED**.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 23) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, conclusions reached, and reasons stated herein. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence (Doc. 21) is **DENIED**.

**SO ORDERED**,  this   22nd   day of December, 2005.

                                        /s/W. Louis Sands
                                     **W. LOUIS SANDS, CHIEF JUDGE**
                                     **UNITED STATES DISTRICT COURT**